**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| MANLEY M. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No.** |
| v. | ) | **25-cv-13673-FDS** |
| | ) | |
| SUELA CENOLLI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON**
**DEFENDANTS' MOTION TO DISMISS**

**SAYLOR, J.**

This action arises out of incidents involving alleged acts of assault and battery by security staff at a homeless shelter and services provider.  Plaintiff Manley Collins is proceeding *pro se*. Defendants Todd Blanche and Markwayne Mullin have moved to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6).[1]

For the following reasons, the motion will be granted.

I.    **Background**

A.    **Factual Background**

Manley M. Collins was a resident of Pine Street Inn in Boston from November 7, 2021, until January 8, 2023.  (Compl. ¶ 1, Dkt. No. 1-3).  Defendant Jet Security LLC was the security contractor at Pine Street Inn from June 2022 until present.  (*Id.* ¶ 2).

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Acting Attorney General Todd Blanche and Secretary of Homeland Security Markwayne Mullin have been automatically substituted for defendants Pamela Bondi and Kristi Noem.

The complaint alleges that Jet Security staff and employees assaulted Collins with a security wand on at least four occasions throughout his residence at the Pine Street Inn.  (*Id.* ¶ 25).  According to the complaint, on January 9, 2023, the day after his residency was terminated, Collins entered Pine Street Inn to retrieve his belongings and was assaulted by the Jet Security manager.  (*Id.*).

Among other things, the complaint alleges that the United States Department of Justice and the United States Department of Homeland Security failed to protect Collins from Jet Security employees and staff.  (*Id.* ¶ 29).

### B.    Procedural Background

On November 5, 2025, plaintiff filed a complaint in Massachusetts Superior Court.

On December 4, 2025, defendants Blanche and Mullin removed this action to this Court. They then moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and b(6), contending that sovereign immunity bars plaintiff's claim against the United States and that the complaint fails to state a claim against the United States upon which relief can be granted.

## II.    Standard of Review

Rule 12 provides that a complaint can be dismissed for, among other things, "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  On a motion to dismiss for lack of subject-matter jurisdiction, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence."  *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995)).  If the party seeking to invoke federal jurisdiction "fails to demonstrate a basis for jurisdiction," the motion to dismiss must be granted.  *Id.*  When ruling on a motion to dismiss under Rule 12(b)(1), the court must "credit the plaintiff's well-[pleaded] factual allegations and draw all reasonable inferences in the plaintiff's favor."  *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010).  Similarly, on a

motion to dismiss made pursuant to Rule 12(b)(6), the court "must assume the truth of all well-[pleaded] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).

For the purposes of analyzing a motion to dismiss, the complaint must be construed generously because plaintiff is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Rodi v. Southern New Eng. Sch. of L.*, 389 F.3d 5, 13 (1st Cir. 2004).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation modified); *see* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  "Nevertheless, a litigant's exercise of his right to self-representation does not exempt him from complying with the relevant rules of procedural and substantive law."  *Martinez-Machicote v. Ramos-Rodriguez*, 553 F.Supp.2d 45, 49 (D.P.R. 2007).

## III.    Analysis

### A.    Jurisdiction

Defendants contend that the court lacks subject-matter jurisdiction because the federal government has not waived its sovereign immunity.  Although, as noted above, the Court must "take all well-pleaded allegations as true" and give plaintiff "the benefit of all reasonable inferences," ultimately "the burden of demonstrating the existence of federal jurisdiction . . . lies with [him]."  *Perales-Muñoz v. United States*, 151 F.4th 1, 6 (1st Cir. 2025).  This lawsuit is, in effect, a suit against the federal government.  Plaintiff has sued defendants in their official capacities as U.S. Attorney General and U.S. Secretary of Homeland Security.  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the [government] entity."  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

3

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).  Waivers of sovereign immunity "must be unequivocally expressed in statutory text." *FAA v. Cooper*, 566 U.S. 284, 290 (2012) (citation modified).  A waiver "cannot be implied." *Franconia Assocs. v. United States*, 536 U.S. 129, 141 (2002) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)).  The  claim against the federal defendants can only survive, therefore, if a statute expressly waives sovereign immunity.

"As the party asserting federal jurisdiction, plaintiffs bear the burden of establishing its existence." *Reyes-Colón v. United States*, 974 F.3d 56, 60 (2020).  The complaint, however, fails to identify any statutory or other basis that would constitute such a waiver.  Accordingly, the claims against the federal defendants must be dismissed for lack of subject-matter jurisdiction.

### B.        Exercise of Supplemental Jurisdiction

When a complaint does not state a viable claim under federal law, and jurisdiction over the remaining claims is based solely on supplemental jurisdiction, a "district court has discretion to decline to exercise supplemental jurisdiction." *Uphoff Figueroa v. Alejandro*, 597 F.3d 423, 431 n.10 (1st Cir. 2010); 28 U.S.C. § 1367(c).  In so doing, the court "must take into account considerations of judicial economy, convenience, fairness to the litigants, and comity." *Delgado v. Pawtucket Police Dep't*, 668 F.3d 42, 48 (1st Cir. 2012); *see also Wilber v. Curtis*, 872 F.3d 15, 23 (1st Cir. 2017) ("[I]t can be an abuse of discretion—if no federal claim remains—for a district court to retain jurisdiction over a pendent state law claim when that state law claim presents a substantial question of state law that is better addressed by the state courts.").

Here, all of plaintiff's federal claims have been dismissed.  What remains are state-law claims, and no litigation has occurred concerning the merits of those claims.

4

Accordingly, the Court declines to exercise supplemental jurisdiction over the state-law claims, and will remand the matter to the Superior Court.

## IV.    Conclusion

For the foregoing reasons, the motion to dismiss of defendants Todd Blanche and Markwayne Mullin is GRANTED.  This matter is hereby remanded to the Superior Court for the Commonwealth of Massachusetts.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated:  June 10, 2026